IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CANDICE M. HUGHES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:19-CV-233 (LAG) |
| | : | |
| TYSON FOODS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

*Pro se* Plaintiff Candice Hughes filed a Complaint and moved for leave to proceed in forma pauperis (IFP) on December 20, 2019. (Docs. 1, 3.) On January 6, 2020, the Court granted Plaintiff leave to proceed IFP but dismissed her Complaint as frivolous under 28 U.S.C. § 1915(e)(2). (Doc. 4.) Because it appeared that Plaintiff might state a claim if her Complaint were more carefully drafted, the Court granted Plaintiff leave to file a motion to amend her complaint. (*Id.* at 4.) Plaintiff responded to the Court's order on February 5, which response the Court accepted as motion to amend and granted on February 27, allowing Plaintiff to file an amended complaint by March 30. (Doc. 6.) The Court warned that failure to fully and timely comply with the Court's order may result in dismissal without prejudice. (*Id.* at 3.) Plaintiff filed an Amended Complaint against Defendant Tyson Foods, Inc. on March 27. (Docs. 6, 8.) For the reasons stated below, Plaintiff's Amended Complaint is **DISMISSED without prejudice** as frivolous under 28 U.S.C. § 1915(e)(2).

## LEGAL STANDARD

Because Plaintiff has been granted leave to proceed IFP, the Court must review of her Amended Complaint pursuant to 28 U.S.C. § 1915(e). Section 1915(e)(2)(B) provides that an IFP action shall be dismissed, at any time, if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. "Dismissal for failure to state a claim is appropriate if the complaint's factual allegations fail to state a claim for relief that is 'plausible on its face.'" *Jacobs v. Blando*, 592 F. App'x 838, 840 (11th Cir. 2014) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As a general rule, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

## DISCUSSION

Plaintiff's Amended Complaint contains causes of action for discrimination under the Americans with Disabilities Act of 1990 (ADA), Fifth Amendment, "False Act," "Fair Act," and Family and Medical Leave Act of 1993 (FMLA). (Doc. 8 at 3.) Plaintiff complains of discriminatory conduct including termination of employment, failure to accommodate a disability, retaliation, and "falsification." (*Id.*)

Plaintiff attached several documents to her Amended Complaint: (1) what appears to be a photograph of her hand; (2) emails dated February 12 and 26, 2020 between Plaintiff and the division director of the Enforcement Division of the Georgia State Board of Workers' Compensation; (3) a letter dated August 1, 2017 from a Tyson Foods claims adjuster to doctor at Hughston Clinic PC concerning Plaintiff's worker's compensation claim, with Plaintiff's notations; (4) a Notice to Employee of Offer of Suitable Employment from the Georgia State Board of Worker's Compensation, dated August 2, 2017, with Plaintiff's notations; (5) Plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), dated March 16, 2018; (6) various medical records with Plaintiff's notations; (7) a Notice of Charge of Discrimination from the EEOC to Defendant dated January 10, 2018;

(8) records from Defendant's investigation of Plaintiff's claim, with Plaintiff's notations; (9) Defendant's response to the EEOC's request for information, dated December 20, 2018, with Plaintiff's notations; (10) Plaintiff's work attendance history report dated, with Plaintiff's notations; and (11) what appear to be records of driving to and from Plaintiff's workplace dated August 23 and 24, 2017, with Plaintiff's notations. (*Id.* at 4–21, 25–42.)

Despite the fact that the Court stressed the need to do so, Plaintiff did not "[w]rite a short and plain statement of the claim" as instructed in Part III of the form. (*See* Doc. 6). Moreover, in the section instructing Plaintiff to provide a detailed statement of the facts of her case, Plaintiff wrote only, "I will attach my [facts] / I also have recording of misconduct of Tyson [Foods] Inc." (Doc. 8 at 22.) Plaintiff did not attach an additional statement of facts explaining her claim. While Plaintiff attached numerous documents with her notations on them, these documents and notations do not explain the facts and circumstances of Plaintiff's case such that the Court can conclude Plaintiff has stated a plausible claim for relief. Accordingly, the Court finds that Plaintiff has failed to state claims under the ADA, Fifth Amendment, "False Act," "Fair Act," and FMLA.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 30th day of April, 2020.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**